UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN ALLEN,

    Plaintiff,

    v.

                          Civil Action 2:20-cv-1744
                          Judge Edmund A. Sargus, Jr.
                          Magistrate Judge Chelsey M. Vascura

EBAY, INC.,

    Defendant.

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, John Allen, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2).

## I.

According to the Complaint, Plaintiff placed an advertisement with Defendant, eBay, Inc., to sell items for $4,470,000. When Plaintiff's items failed to sell, he attempted to re-list the item with the discounted price of $3 million, but could not do so because Defendant had suspended his account. Plaintiff represents that Defendant's suspension of his account occurred in 2012. (*See* Pl.'s Compl. 3, ECF No. 1-1 at PAGEID # 4 ("The 2012 agreement in force when Plaintiff[']s account was suspended . . . .").) Plaintiff appears to allege that Defendant's suspension of his account, together with "various acts forming a pattern of racketeering" violates the Racketeer Influenced and Corrupt Organizations Act ("RICO") and also the Hobbs Act. Plaintiff acknowledges that Defendant could take certain actions against his account had he committed certain violations, but alleges that his "compliance has consistently been above standard." (*Id*. at PAGEID # 6.) Plaintiff also acknowledges that under his agreement with Defendant, certain lawsuits must be brought in California, but makes clear that he is not bringing a breach-of-contract or other state-law claim based upon Defendant's suspension of his account, but is instead pleading a pattern of extortion and racketeering activity and advancing violations claims under RICO and the Hobbs Act.

In terms of relief, Plaintiff seeks monetary damages.

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked

3

assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank,* 727 F.3d at 504 (citations omitted). Further, the Court holds pro se complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**III.**

As a threshold matter, although the Complaint references "Plaintiffs" throughout, only Plaintiff John Allen has signed the *in forma pauperis* application and Complaint, and none of the allegations in the Complaint identify or relate to other potential plaintiffs. Moreover, Plaintiff is not an attorney, and "[a] *pro se* plaintiff cannot represent the interests of another *pro se* party." *Lahey v. Gates*, No. 1:19-cv-620, 2019 WL 3556922, at *2 (S.D. Ohio Aug. 5, 2019). *Cf.* Fed. R. Civ. P. 11(a) (requiring unrepresented parties to "personally" sign "[e]very pleading, written motion, and other paper"); *Ziegler v. Michigan*, 90 F. App'x 808, 810 (6th Cir. 2004) ("[N]on-attorneys proceeding *pro se* cannot adequately represent a class."). Thus, the undersigned considers John Allen to be the sole Plaintiff in this action.

Relatedly, Plaintiff references "Defendants" throughout his Complaint and identifies "J. Does" in the caption of his Complaint, yet his Complaint is devoid of any allegations involving other defendants other than Defendant eBay, Inc. Thus, to the extent Plaintiff intended to name John Doe Defendants in addition to Defendant eBay, Inc., it is **RECOMMENDED** that those Doe Defendants be **DISMISSED**. For the remainder of this Report and Recommendation, the undersigned therefore considers eBay, Inc. to be the sole Defendant.

As set forth above, Plaintiff purports to advance claims under the Hobbs Act and RICO against Defendant. The Hobbs Act is a criminal statute that "criminalizes robbery accomplished by using or threatening force against 'person or property.'" *United States v. Camp*, 903 F.3d 594, 600 (6th Cir. 2018) (quoting 18 U.S.C. § 1951(b)(1)). Because the Hobbs Act is "a criminal statute that does not provide a private right of action," *Stanard v. Nygren*, 658 F.3d 792, 794 (7th Cir. 2011), Plaintiff—as a private citizen—cannot recover civilly for violations of the Hobbs Act. *See Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("Violations of these [mail and wire fraud] sections of the federal criminal code do not give rise to independent causes of action."); *Moralez v. Moore*, No. 2:17-cv-10567, 2017 WL 9802881, at *6 (E.D. Mich. Nov. 21, 2017) (finding that civil claims brought under Hobbs Act must be dismissed because the Hobbs Act is a criminal statute without a private right of action); *Hopson v. Shakes*, No. 3:12-CV–722–M, 2013 WL 1703862, at *2 (W.D. Ky. Apr. 19, 2013) (holding that federal extortion statute "is a criminal statute, and federal courts have consistently found that the Hobbs Act does not support a private cause of action") (internal quotation marks omitted). It is therefore **RECOMMENDED** that Plaintiff's Hobbs Act claims be **DISMISSED** pursuant to § 1915(e).

Plaintiff's RICO claims must also be dismissed. Civil RICO claims are subject to a four-year statute of limitations period. *Rotella v. Wood*, 528 U.S. 549, 552, 557 (2000). "The four-

year period begins to run when a party knew, or through exercise of reasonable diligence should have discovered, that the party was injured by a RICO violation." *Sims v. Ohio Cas. Ins. Co.*, 151 F. App'x 433, 435 (6th Cir. 2005). Here, it appears that the injury about which Plaintiff complains—namely, the suspension of his account, which precluded him from placing an advertisement to sell items for $3 million—occurred in 2012. Thus, this action, filed several years after the expiration of the 2016 deadline, must be **DISMISSED** pursuant to § 1915(e) as time barred.

The undersigned further notes that Plaintiff's RICO claims would be subject to dismissal even if they were not time barred. A plaintiff seeking to advance a civil RICO claim "must plead the following elements: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006) (quoting *Sedima, S.P.R.L. v. Imrex* Co., 473 U.S. 479, 496 (1985)). Further, any such claim must allege an illicit agreement "to participate directly or indirectly in the affairs of an enterprise through the commission of two or more predicate crimes." *Heinrich v. Waiting Angels Adoption Servs.*, 668 F.3d 393, 411 (6th Cir. 2012) (quoting *United States v. Sinito*, 723 F.2d 1250, 1261 (6th Cir. 1983)). Finally, a plaintiff advancing a civil RICO claim must allege injury to business or property. *See* 18 U.S.C. § 1964(c). Here, Plaintiff's civil RICO claims lacks the factual specificity required under *Iqbal*. Specifically, Plaintiff's allegations of criminal enterprise, like his allegations of a pattern of racketeering activity, are conclusory and unsupported by specific plausible factual allegations supporting a claim for any of the predicate offenses. Thus, even if Plaintiff's RICO claims were timely, those claims would still be subject to dismissal under § 1915(e) for failure to state a claim.

## IV.

In summary, The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. In addition, for the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE