UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN ALLEN,

      **Plaintiff,**

  v.                                      Civil Action 2:20-cv-1744
                                          Judge Edmund A. Sargus, Jr.
                                          Magistrate Judge Chelsey M. Vascura

EBAY, INC., *et al.*,

      **Defendants.**

## ORDER

This matter is before the Court on Plaintiff's Motion to Disqualify and Remove Magistrate Judge. (ECF No. 8.) Plaintiff asserts that the undersigned must recuse herself from this case because, in recommending that Plaintiff's claims be dismissed (ECF No. 2), she "violated her oath of office" by "practicing law from the bench." (ECF No. 8 at PAGEID #43.)

By way of background, Plaintiff, who is proceeding *pro se*, brings claims alleging that Defendants violated the Hobbs Act and the Racketeer Influenced and Corrupt Organizations ("RICO") Act. (Compl., ECF No. 1-1.) The undersigned issued a Report and Recommendation detailing her analysis of Plaintiff's Complaint, as required by 28 U.S.C. § 1915. (ECF No. 2.) That statute provides, in part, that "the court shall dismiss [a case brought by a plaintiff proceeding *in forma pauperis*] . . . if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In the Report and Recommendation, the undersigned found that Plaintiff's Complaint fails to state a claim on which relief may be granted and, accordingly, recommended dismissal. (ECF No. 2.)

A district judge or magistrate "shall" disqualify himself or herself in any proceeding in which the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. U.S.*, 510 U.S. 540, 555 (1994). To the contrary, "[a]lmost invariably, they are proper grounds for appeal, not for recusal." *Id.* A judge's opinions are grounds for recusal only where they "derive[ ] from an extrajudicial source" or "they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger" do not meet this high bar. *Id.* at 555–56. Mere disagreement about the Court's ruling in a case is not a ground for disqualification or recusal. *Id.*; *Garver v. United States of America,* 846 F.2d 1029, 1031 (6th Cir. 1988).

Here, Plaintiff's Motion establishes only that he disagrees with the undersigned's Report and Recommendation. Plaintiff has therefore not made any demonstration of bias or partiality sufficient to require recusal. As a result, Plaintiff's Motion to Disqualify and Remove Magistrate Judge (ECF No. 8) is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE