UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN ALLEN,
    Plaintiff,

v.

EBAY, INC.,
    Defendant.

Civil Action: 2:20-cv-1744
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court on the Objection filed by Plaintiff to the Report and Recommendation issued by the Magistrate Judge on April 10, 2020. (ECF No. 2.) For the reasons that follow, the Court **OVERRULES** the Objection, **ADOPTS** the Report and Recommendation, and **DISMISSES** this action pursuant to 28 U.S.C. § 1915(e)(2).

### I.

The Magistrate Judge set forth the facts alleged in the Complaint accurately and the Court adopts that recitation here:

> According to the Complaint, Plaintiff placed an advertisement with Defendant, eBay, Inc., to sell items for $4,470,000. When Plaintiff's items failed to sell, he attempted to re-list the item with the discounted price of $3 million, but could not do so because Defendant had suspended his account. Plaintiff represents that Defendant's suspension of his account occurred in 2012. (*See* Pl.'s Compl. 3, ECF No. 1-1 at PAGEID # 4 ("The 2012 agreement in force when Plaintiff[']s account was suspended . . . .").) Plaintiff appears to allege that Defendant's suspension of his account, together with "various acts forming a pattern of racketeering" violates the Racketeer Influenced and Corrupt Organizations Act[, 15 U.S.C. § 15 ("RICO") and also the Hobbs Act[ 18 U.S.C. § 1951]. Plaintiff acknowledges that Defendant could take certain actions against his account had he committed certain violations, but alleges that his "compliance has consistently been above standard." (*Id.* at PAGEID # 6.) Plaintiff also acknowledges that under his agreement with Defendant, certain lawsuits must be brought in California, but makes clear that he is not bringing a breach-of-contract or other state-law claim based upon Defendant's suspension of his account, but is instead pleading a pattern of extortion and racketeering activity and advancing violations claims under RICO and the Hobbs Act.

In terms of relief, Plaintiff seeks monetary damages.

(R&R at 2.)

The Magistrate Judge reviewed the pro se Complaint and issued an Order and Report and Recommendation granting Plaintiff *in forma pauperis* status and recommending that the case be dismissed in its entirety for failure to state any claim upon which relief could be granted. (ECF No. 2.) Plaintiff then filed an Amended Complaint (ECF No. 4) and a timely Objection (ECF No. 5).

## II.

If a party objects within the allotted time to a report and recommendation, 28 U.S.C. § 636(b)(1) provides that a district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which the objection is made. The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."

The federal *in forma pauperis* statute is "designed to ensure indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E. I. Dupont De Numours & Co.*, 335 U.S. 331, 342–43 (1948)). Recognizing, however, that a litigant whose costs are assumed by the public "lacks economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," Congress included subsection (e) authorizing federal courts to dismiss certain claims *sua sponte*. *Id.* Courts may, *sua sponte*, dismiss claims which they determine are "frivolous or malicious" or "fail[] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Neitzke*, 490 U.S. at 324.

Additionally, complaints must satisfy Federal Rule of Civil Procedure 8(a), requiring a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

2

Civ. P. 8(a)(2). The Supreme Court's standards articulated to govern dismissals under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim apply also to § 1915(e). *Hill v. Lappin,* 630 F.3d 468, 47071 (6th Cir. 2010). Rule 8(a) "imposes legal *and* factual demands on the author of complaints." *16630 Southfield Ltd. P'ship v. Flagstar Bank,* 727 F.3d 502 ,504 (6th Cir. 2013).

In evaluating a complaint to determine whether it states a claim upon which relief can be granted under Rule 12(b)(6), a court must construe it in the light most favorable to the plaintiff and determine whether the factual allegations present any plausible claim. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); see also *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. The plausibility of an inference depends on many considerations, "including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank,* 727 F.3d at 504. Although a plaintiff's complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly,* 550 U.S. at 555.

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be construed liberally." *Garret v. Belmont County Sherriff's Dep't,* 374 F. App'x 612, 614 (6th Cir. 2010) (Citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)). However, this lenient treatment has limits, "a pro se pleading must provide the opposing party with notice of the relief sought . . . it is not within the purview of the district court to conjure up claims never presented." *Frengler v. GM,* 482 F. App'x 975, 977 (6th Cir. 2012).

3

## III.

Plaintiff objects to the Report and Recommendation, arguing that it offers as the "sole reason" for dismissal that his Complaint "fail[s] state a claim." Plaintiff contends that his Complaint and Amended Complaint comply with Rule 8 of the Federal Rules of Civil Procedure and queries: "How can the court believe he has failed to state a claim? Is the court trying to say that this should be a state action rather than federal even though Plaintiffs' claims are cognizable in federal courts? Additionally, this case should not be dismissed before service of process, the court would be acting as an advocate for defendants without the defendants even knowing they were sued." Plaintiff further states that "[a]ny alleged errors in the complaint are hopefully corrected in Plaintiff's Amended Complaint."

Plaintiff's Objection misapprehends the nature of a § 1915(e) screen and dismissal under Federal Rule 12, the standards that are forth above. Federal courts are tasked with review of complaints filed under the *in forma pauperis* statute to determine whether they should proceed. There is nothing unique about the Magistrate Judge's decision. The Recommendation did not indicate that RICO or the Hobbs Act claims are not recognized in federal court, but rather that even accepting Plaintiff's allegations as true and making reasonable inferences in his favor, he has failed to state any claim upon which relief could be granted under either of these statutes. The Court below makes its *de novo* review of Plaintiff's allegations in his Complaint and Amended Complaint.

### A.   RICO

As the Magistrate Judge correctly explained, civil RICO claims are subject to a four-year statute of limitations period. *Rotella v. Wood*, 528 U.S. 549, 552, 557 (2000). "The four- year period begins to run when a party knew, or through exercise of reasonable diligence should

4

have discovered, that the party was injured by a RICO violation." *Sims v. Ohio Cas. Ins. Co.*, 151 F. App'x 433, 435 (6th Cir. 2005). In this case, the injury about which Plaintiff complains (i.e., the suspension of his account, which precluded him from placing an advertisement to sell items for $3 million)—occurred in 2012. Thus, this action was filed several years after the expiration of the 2016 deadline. Consequently, even accepting all of the allegations in the Complaint and Amended Complaint as true, Plaintiff's RICO claim is barred by the statute of limitations and must be dismissed.

Additionally, as the Magistrate Judge correctly found, Plaintiff's RICO claims would be subject to dismissal even if they were not time barred. A plaintiff seeking to advance a civil RICO claim "must plead the following elements: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006) (quoting *Sedima,S.P.R.L. v. Imrex* Co., 473 U.S. 479, 496 (1985)). Further, any such claim must allege an illicit agreement "to participate directly or indirectly in the affairs of an enterprise through the commission of two or more predicate crimes." *Heinrich v. Waiting Angels Adoption Servs.*, 668 F.3d 393, 411 (6th Cir. 2012) (quoting *United States v. Sinito*, 723 F.2d 1250, 1261 (6th Cir. 1983)). Finally, a plaintiff advancing a civil RICO claim must allege injury to business or property. *See* 18 U.S.C. § 1964(c). In the instant action, Plaintiff's civil RICO claims lacks the factual specificity required under *Iqbal*. Specifically, Plaintiff's allegations of criminal enterprise, like his allegations of a pattern of racketeering activity, are conclusory and unsupported by specific plausible factual allegations supporting a claim for any of the predicate offenses. Thus, even if Plaintiff's RICO claims were timely, those claims would still be subject to dismissal under § 1915(e) for failure to state a claim upon which relief could be granted.

**B.     Hobbs Act**

Plaintiff also purports to advance claims under the Hobbs Act, which is a criminal statute that "criminalizes robbery accomplished by using or threatening force against 'person or property.'" *United States v. Camp*, 903 F.3d 594, 600 (6th Cir. 2018) (quoting 18 U.S.C. § 1951(b)(1)).  Because the Hobbs Act is "a criminal statute that does not provide a private right of action," *Stanard v. Nygren*, 658 F.3d 792, 794 (7th Cir. 2011), Plaintiff—as a private citizen—cannot recover civilly for violations of the Hobbs Act.  *See Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("Violations of these [mail and wire fraud] sections of the federal criminal code do not give rise to independent causes of action."); *Moralez v. Moore*, No. 2:17-cv-10567, 2017 WL 9802881, at *6 (E.D. Mich. Nov. 21, 2017) (finding that civil claims brought under Hobbs Act must be dismissed because the Hobbs Act is a criminal statute without a private right of action); *Hopson v. Shakes*, No. 3:12-CV-722-M, 2013 WL 1703862, at *2 (W.D. Ky. Apr. 19, 2013) (holding that federal extortion statute "is a criminal statute, and federal courts have consistently found that the Hobbs Act does not support a private cause of action") (internal quotation marks omitted).  Plaintiff's Hobbs Act must therefore be dismissed pursuant to § 1915(e) for failure to state a claim upon which relief could be granted.

### IV.

For the reasons set forth above, the Court **OVERRULES** the Objection, **ADOPTS** the Report and Recommendation, and **DISMISSES** this action pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS SO ORDERED.**

\_\_6-19-2020\_\_
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE